UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMIE PATRICK LAUFENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:22-174-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN ROOT, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Proceeding without an attorney, Plaintiff Jamie Patrick Laufenberg has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants Laurel County Sheriff John Root, Laurel County Deputy Sheriff Hunter Disney, and the Laurel County Sheriff's Department. [R. 1.] The Court has granted Laufenberg's motion to proceed *in forma pauperis* by separate Order. [R. 11.] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his Complaint, Laufenberg alleges that on or around October 29, 2021, he was walking away from a truck that he borrowed "looking through my backpack for a needle to shoot some heroin, when a Laurel County Sheriff ran up to me and told me to stop." [R. 1 at 2.] After Laufenberg "kept on walking through a field," the Sheriff "tried to shoot [him] with a taser that did not work." *Id*. Laufenberg states that the Sheriff ran toward him, but he does not remember what happened after he put his hands up because he was knocked unconscious by Disney. *Id*. According to Laufenberg, he woke up with blood and cow manure all over him and requested medical attention, but when the ambulance arrived, the Sheriff told them that Laufenberg did not

need medical attention. *Id*. at 2-3. Laufenberg states that he was then transported to the jail but, because the jail would not accept him until he was taken to the hospital, was subsequently taken to the hospital. *Id*. Laufenberg states that, at the hospital, he received several stiches in his face, staples in the back of his head and was diagnosed with a broken orbital bone. *Id*. He was then taken to the Laurel County Detention Center. *Id*.

Based upon these allegations, Laufenberg claims a violation of his right to be free from cruel and unusual punishment. *Id*. at 4. As relief, he requests dismissal of his pending felon in possession of a firearm charges, as well as monetary damages in the amount of $100,000.00, plus future medical expenses. *Id*. at 8.

However, Laufenberg's claims relate to ongoing state criminal proceedings pending against him in the Laurel County Circuit Court. A review of the Kentucky Court of Justice's online CourtNet database indicates that, as a result of the events surrounding Laufenberg's October 29, 2021 arrest, Laufenberg was charged in Laurel County with one count of being a Convicted Felon in Possession of a Firearm in violation of Ky. Rev. Stat. 527.040, as well as being a Persistent Felony Offender, First Degree, in violation of Ky. Rev. Stat. 532.080(3). In April 2023, Laufenberg was found competent to stand trial and, while a jury trial appears to have been scheduled, the docket reflects that the charges remain pending. *See Commonwealth v. Laufenberg*, No. 22-CR-00036 (Laurel Cir. Ct. 2022); *Commonwealth v. Laufenberg*, No. 21-F-00867 (Laurel Dist. Ct. 2021).[1]

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/Index (accessed August 1, 2023). The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

The criminal charges against Laufenberg remain pending, and he has not suggested that the state court would not give full and fair consideration to his constitutional claims as part of a defense to the charges against him. Due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in Laufenberg's complaint indicates the presence of any factor which "render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975). *Younger* abstention is therefore warranted and appropriate with respect to Laufenberg's claims. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

However, in light of Laufenberg's demand for monetary damages, this Court will stay, rather than dismiss, Laufenberg's claims. "[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996). Here, Laufenberg's "monetary demand is sufficient to warrant a stay and not dismissal in this case." *James v. Hampton*, 513 F. App'x 471, 476 (6th Cir. 2013). *See also Nimer v. Litchfield Tp. Bd. of Trustees,* 707 F.3d 699, 702 (6th Cir. 2013); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("[T]he appropriate procedure, when abstaining under *Younger*, is to stay the proceedings rather than to dismiss the case without prejudice. Issuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires.").

Even if staying (rather than dismissing) Laufenberg's claims eventually proves "an empty formality," *see Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998), Sixth Circuit precedent provides for Laufenberg's pending complaint to remain on the Court's docket at this time. The Court will, therefore, enter a stay in Laufenberg's civil rights case during the pendency of his state criminal proceedings, and the litigation of the present matter will resume after the state proceedings are resolved. Because abstention is clearly warranted in this case, the Court will defer further review of Laufenberg's claims under 28 U.S.C. §§ 1915 and 1915A until such time as the stay is lifted.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the Court **ABSTAINS** from further evaluating or adjudicating Laufenberg's complaint at this time.

2. This matter is **STAYED** for the pendency of Laufenberg's state court criminal proceedings; and

3. **Every ninety (90) days** (beginning 90 days from the date of this Order), Laufenberg must file a "Status Report" with the Court in this case, explaining the status of his state criminal cases and whether or not those cases remain pending or have been resolved, and if they have been resolved, how. **Failure to provide the Court with these status reports may result in Laufenberg's civil rights claims being dismissed without prejudice for failure to prosecute.**

This the 2d day of August, 2023.

Gregory F. Van Tatenhove
United States District Judge