UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMIE PATRICK LAUFENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:22-cv-00174-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN ROOT, *et al.*, | ) | **MEMORANDUM** |
| | ) | **OPINION & ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Mr. Laufenberg's Complaint. [R. 1.] Proceeding without counsel, Plaintiff Jamie Patrick Laufenberg previously filed a civil Complaint pursuant to 42 U.S.C. § 1983 against Defendants Laurel County Sheriff John Root, Laurel County Deputy Sheriff Hunter Disney, and the Laurel County Sheriff's Department. [R. 1.] The Court reviewed the Complaint and concluded that Mr. Laufenberg's claims were clearly related to ongoing criminal proceedings against him in Kentucky state court. [R. 16.] Thus, the Court stayed this matter pending resolution of Laufenberg's state court proceedings and deferred further screening of Laufenberg's claims until this stay was lifted. *Id*.

Mr. Laufenberg has now indicated to the Court that the state proceedings have concluded. [R. 18.] Hence, the Court will lift the stay of this matter. Moreover, because Mr. Laufenberg is a prisoner proceeding *in forma pauperis*, [R. 11], the Court will proceed with the initial screening of Laufenberg's Complaint required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Construed broadly, Mr. Laufenberg's Complaint alleges that Disney used excessive force while arresting Laufenberg, a claim which sounds in the Fourth Amendment. [R. 1 at 2.] Plaintiff Laufenberg also alleges that "the Sheriff" (construed to refer to Sheriff Root) interfered with Mr. Laufenberg's medical treatment by telling ambulance staff that Laufenberg did not need medical attention. *Id*. at 2–3. A claim alleging deliberate indifference to a detainee's serious medical needs is properly brought under the Fourteenth Amendment.[1]

Having reviewed Mr. Laufenberg's complaint, the Court concludes that he may proceed with his Fourth Amendment claim against Disney and his Fourteenth Amendment claim against Root. In light of Mr. Laufenberg's status as a *pro se* prisoner, the United States Marshals Service ("USMS") will serve Disney and Root with summons and copy of the Complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, Plaintiff Laufenberg's claims against Laurel County Sheriff's Department – claims that are construed as claims against Laurel County – will be dismissed for failure to state a claim for which relief may be granted. A county government is only liable under § 1983 when its employees cause injury by carrying out the county's formal policies or practices. *D'Ambrosio v. Marino*, 747 F. 3d 378, 386 (6th Cir. 2014); *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Therefore, a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Mr. Laufenberg does not allege the existence or substance of such a policy in his Complaint. He therefore fails to state a

---

[1] *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *See also Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 726–27 (6th Cir. 2022) (citations omitted) (while a claim alleging deliberate indifference by a prison official brought by a convicted prisoner implicates an inmate's rights under the Eighth Amendment, "[t]he Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.") (citations omitted).

claim against Laurel County. *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Accordingly, the Court hereby **ORDERS** as follows:

1. The stay previously entered in this matter **[R. 16]** is **LIFTED**;

2. Laufenberg's claims against the Laurel County Sheriff's Department are **DISMISSED** without prejudice and the Laurel Couty Sheriff's Department is **DISMISSED** as a Defendant;

3. A Deputy Clerk shall prepare two "Service Packets" for service upon Laurel County Sheriff John Root and Laurel County Deputy Sheriff Hunter Disney. The Service Packets shall include:

    a. a completed summons form;

    b. the complaint [R. 1];

    c. the order granting Laufenberg pauper status [R. 10];

    d. the Court's prior Memorandum staying this case [R. 16];

    e. a copy of this order; and

    f. a completed USM Form 285;

4. The Deputy Clerk shall send the Service Packets to the United States Marshals Service ("USMS") in Lexington, Kentucky, and shall note the date of delivery in the docket;

5. The USMS shall personally serve a Service Packet upon Laurel County Sheriff John Root and Laurel County Deputy Sheriff Hunter Disney at the Laurel County Sheriff's Department, 203 South Broad Street, London, Kentucky, 40741.

6.	Laufenberg must immediately advise the Clerk's Office of any change to his current mailing address. Failure to do so may result in dismissal of this case; and

7.	If Laufenberg wishes to seek further relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Laufenberg files must include a written certification that he has mailed a copy of it to the defendants or their counsel and must state the date of mailing. The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.

This the 26th day of February, 2024.

Gregory F. Van Tatenhove
United States District Judge